UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
INSURED ADVOCACY GROUP, LLC,                                            :
                                                                        :
                            Plaintiff,                                  :
                                                                        :     24-CV-1130 (JMF)
            -v-                                                         :
                                                                        :     ORDER
TREE GUARDIAN USA, LLC et al.,                                          :
                                                                        :
                            Defendants.                                 :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff Insured Advocacy Group, LLC brings this action against Defendants Tree Guardian USA, LLC, and Jacob Guidry, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. Section 1332, Title 28, United States Code provides for diversity jurisdiction over — as relevant here — lawsuits between "citizens of different States." 28 U.S.C. § 1332(a)(1). A federal court has an independent obligation to assure itself that jurisdiction exists. *See id.* at 48. A complaint that fails to adequately allege the parties' citizenship does not properly invoke a federal court's diversity jurisdiction. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

        The Complaint in this case alleges that Schroder FOCUS II Holdings, L.P., the owner of all membership interests of the Plaintiff LLC, is a limited partnership organized in New York. *See* ECF No. 1 ("Compl.") ¶¶ 2-3. But the Complaint does not allege the citizenship of Schroder FOCUS II Holdings, L.P.'s general or limited partners, if any. It is well established that for purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (collecting cases). The Complaint alleges only that "[n]one of the partners or owners

of FOCUS are domiciled in Florida." Compl. ¶ 3. For one thing, the reference to Florida appears to be irrelevant or in error given that Defendants are alleged to be citizens of Louisiana. *Id.* ¶¶ 4-5. And for another, "[i]t is not enough to allege, in conclusory fashion, that none of a [LP's partners or owners] are citizens of the same state as [the opposing party]." *See Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021). The Complaint therefore fails to allege the citizenship of the Plaintiff limited partnership and does not properly invoke the Court's diversity jurisdiction.

Accordingly, it is hereby ORDERED that, on or before **February 26, 2024,** Plaintiff shall amend the Complaint to allege the citizenship of each constituent person or entity comprising the Plaintiff limited partnership. If Plaintiff does not amend the Complaint to adequately allege the parties' citizenship by that date, the Court will dismiss this action for lack of subject matter jurisdiction without further notice.

SO ORDERED.

Dated: February 20, 2024
      New York, New York

                                         JESSE M. FURMAN
                                     United States District Judge